# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDWIN DEJESUS,

        Plaintiff,

v.                                                             Case No. 10-CV-12

MICHAEL GIESE, and
ALL MEDICAL STAFF, WAUKESHA COUNTY JAIL
NURSES AND DOCTORS, names unknown,

        Defendants.

## ORDER

The plaintiff, a federal prisoner who is incarcerated at the Waukesha County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $38.24. The plaintiff has also paid an additional partial filing fee of $23.80. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

-2-

recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is

obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the plaintiff's sworn complaint, he arrived at the Waukesha County Jail on February 8, 2009. He advised the intake officer that he takes blood pressure pills and "heart burn medication." (Complaint at 3). The plaintiff also avers that the nurses on the medical staff were aware of his medication. Nevertheless, medical staff refused to give him his medication. About two weeks later, he suffered a "heart attack" and was taken to the hospital with heart problems because he had not taken his medication. *Id.*

The plaintiff submits that the medical staff (whose names are unknown to the plaintiff), along with Jail Administrator Giese, violated his Eighth Amendment rights to adequate medical care. They denied him his medication, and the denial of medication and lack of monitoring for his blood pressure resulted in the plaintiff suffering from a heart attack. The plaintiff seeks monetary damages, including the costs of this suit.

It appears that the plaintiff is a pretrial detainee rather than a convicted prisoner. A pretrial detainee is afforded the same constitutional right to be free from cruel and unusual punishment as a convicted inmate. *Murphy v. Walker*, 51 F.3d 714 (7th Cir. 1995). This right is violated when a jail official or member of the jail medical staff exhibits deliberate indifference to an inmate's serious medical needs,

thus resulting in injury. *Wilson v. Seiter*, 501 U.S. 294 (1991). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) "[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need. However, for liability to exist the medical need must be objectively serious." *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). The plaintiff's averments regarding his heart condition suggest a serious medical need. Moreover, the denial of prescription medications and his subsequent heart attack could constitute deliberate indifference.

The plaintiff's complaint does not detail any personal involvement by defendant Michael Giese, the Jail Administrator. There is no *respondeat superior* liability under § 1983; Giese cannot be held liable for the actions of other employees of the jail. *Iqbal*, 129 S.Ct. at __ (Government officials may not be held liable, under Bivens or § 1983, for unconstitutional conduct of their subordinates under theory of *respondeat superior*; because vicarious liability is inapplicable, plaintiff must plead that each government official-defendant, through his or her own actions, has violated the Constitution). Additionally, the plaintiff does not suggest that he was denied his medication as a result of a jail policy or custom, for which Giese may be liable in his official capacity. *See Thomas v. Cook County Sheriff's Department*, 588 F.3d 445,

-5-

Case 2:10-cv-00012-JPS   Filed 03/23/10   Page 5 of 9   Document 9

453-54 (7th Cir. 2009). Therefore, Giese will be dismissed as a defendant to this action.

The plaintiff has identified the remaining defendants as the "Medical Staff" at the Waukesha County Jail, including the nurses and doctors. The plaintiff indicates that their names are unknown to him. Nevertheless, the plaintiff avers that the nurses were aware of his "correct medication" and that the "medical staff" refused to give the plaintiff his medication. The plaintiff will be allowed to proceed on an Eighth Amendment medical care claim against the Waukesha County Jail Medical Staff.

Upon receipt of this decision and order, the plaintiff should promptly use discovery to identify these unknown nurses and doctors. Then, when he has learned their identities, the plaintiff should move to amend the caption of his complaint to name the individuals who were personally involved in the deprivation of his constitutional rights so that they can be served. Even if the plaintiff is unsuccessful in his attempts to identify and serve the John Doe defendants, it is the court's duty to assist him in doing so. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). If, after a good faith attempt to discover the names of the intended defendants, the plaintiff remains unable to identify them, he shall advise the court regarding his attempts and seek help to disclose the identities. The

plaintiff shall update the court regarding his attempts to identify the unknown nurses and doctors on the medical staff on or before **Monday, May 17, 2010**.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Michael Giese be and the same is hereby **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Waukesha County Jail Medical Staff. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant(s) shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall advise the court regarding his attempts to discovery the names of the Waukesha County Jail Medical Staff who were personally involved in the denial of his medication.

**IT IS FURTHER ORDERED** that the Waukesha County Sheriff shall collect from the plaintiff's prison trust account the $287.96 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Waukesha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2010.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge