UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWIN DEJESUS,

                        Plaintiff,

v.

ALL MEDICAL STAFF,
WAUKESHA COUNTY JAIL,
NURSES, DOCTORS, names
unknown,

                       Defendants.

Case No. 10-CV-12-JPS

ORDER

       The plaintiff, Edwin DeJesus, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and requested leave to proceed *in forma pauperis*. The plaintiff paid an initial filing fee of $38.24. On March 23, 2010, the court granted the plaintiff's motion for leave to proceed *in forma pauperis*. On January 6, 2011, the court addressed various motions in which the plaintiff sought to identify the names of defendant nurses and doctors on the medical staff assigned to the Waukesha County Jail facility. The court also directed him to file an amended complaint naming each of the defendants he wished to sue, describing his proposed claims, and detailing the defendants' personal involvement in the facts underlying those claims. Now before the court is the plaintiff's amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint

Page 2 of 9

Case 2:10-cv-00012-JPS    Filed 10/14/11    Page 2 of 9    Document 71

allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, an amended complaint supersedes a prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, for instance, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

1.  FACTUAL BACKGROUND

The plaintiff was a pretrial detainee at the Waukesha County Jail. He alleges that defendants Nurse Debra Link, Nurse Elizabeth Fredrick, Dr. Punoose Mackiel, and jail administrator Michael D. Griese failed to give him his medication for high blood pressure and heartburn. The plaintiff also seeks to add the Waukesha County Sheriff's Department and the County of Waukesha as defendants. The plaintiff states that Waukesha County violated governmental practices and policies.

According to the plaintiff, all of the named defendants were aware that he takes medication for high blood pressure and heartburn. However, he alleges that the defendants refused to give him these medications for approximately two weeks. At the end of the two-week period, he was taken to Waukesha Memorial Hospital and diagnosed with a "hypertension attack." Compl. at 3. He alleges that the attack was caused "because of being refused medication." *Id.*

For relief, the plaintiff requests two million dollars, legal fees, and an order directing the defendants to refrain from retaliating against him for the filing of the present suit.

2.  ANALYSIS

    2.1   Defendants

        2.1.1   Individual Defendants

Defendants Link, Fredrick, Mackiel, and Griese are named as defendants in the amended complaint. Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Trujillo v. Williams*, 465 F.3d 1201, 1227 (10th Cir. 2006); *Farrell v. Burke,* 449

F.3d 470, 484 (2d Cir. 2006). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant is personally responsible, and thus liable under § 1983, *only if* he knows about the other person's act, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). Here, the plaintiff alleges that defendants Link, Fredrick, Mackiel, and Griese personally deprived him of medication. Thus, they may be named as defendants.

### 2.1.2 Waukesha County Sheriff's Department

A police department is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). Thus, the plaintiff may not name the Waukesha County Sheriff's Department as a defendant in the present suit.

### 2.1.3 Waukesha County

The plaintiff also wishes to add Waukesha County as a defendant. Therefore, it appears that he wishes to proceed on a county policy claim. The county may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citations omitted). To demonstrate that Waukesha County is liable for a harmful custom or practice, the plaintiff must show that county policymakers were "deliberately indifferent as to

[the] known or obvious consequences." *Id.* (quoting *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002)). In situations where rules or regulations are required to remedy a potentially dangerous practice, the county's failure to make a policy is also actionable. *Id.* (citing *Sims v. Mulcahy*, 902 F.2d 524, 543 (7th Cir. 1990)). Thus, the plaintiff may name Waukesha County as a defendant; however, he must present evidence that the County was deliberately indifferent to a harmful custom or practice for the claim against the County to survive at the next stage of this proceeding.

2.2     Medical Care Claim

The plaintiff is a pretrial detainee. Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, and the court evaluates those claims using the same standard for deliberate indifference that it uses for prisoners under the Eighth Amendment. *See Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008)

The Eighth Amendment protects against cruel and unusual punishment. To make out an Eighth Amendment claim based on inadequate medical care, a plaintiff must show that prison officials were deliberately indifferent to his or her serious medical needs. *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Edwards*, 478 F.3d at 830; *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. A deliberate indifference claim requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards*, 478 F.3d at 830 (quoting

*Greeno*, 414 F.3d at 653). The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653 (citing *Farmer*, 511 U.S. at 834). Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Edwards*, 478 F.3d at 830-31 (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Yet, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Edwards*, 478 F.3d at 830-31 (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996)).

Here, the plaintiff alleges that he had a serious medical need which required that he take certain medications. He also alleges that the defendants were aware of his condition and need for medications but that they failed to provide him with the necessary prescriptions. Thus, he has alleged sufficient facts to make out an Eighth Amendment medical care claim.

IT IS THEREFORE ORDERED that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Case 2:10-cv-00012-JPS   Filed 10/14/11   Page 7 of 9   Document 71

IT IS ALSO ORDERED that the defendants shall file a responsive pleading to the amended complaint.

IT IS FURTHER ORDERED that the Administrator of the Bureau of Prisons or his designee shall collect from the plaintiff's prison trust account the $311.76 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the Warden of Terre Haute Federal Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their

attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge